Mr. Scold, you're back with us, and Mr. Carlone, this is docket 21-871, Carlone v. Lamont. Mr. Carlone, you may proceed. Thank you. May it please the Court, my name is Terry Matheson. Could you speak up, please? We can't hear you very well. I apologize. Can you hear me now? Better, but please speak slowly and articulate clearly so we can be sure to understand you. Okay. So, may it please the Court, I am Mr. Matheson Carlone. I brought this action on behalf of myself against Governor Lamont, the current DPH Commissioner, the former DPH Commissioner, and two other Administrative Commissioners. The basis of my lawsuit, my alleged action, was that every single action that has been taken by Governor Lamont in response to the COVID-19 pandemic has been made up not based on scientific evidence. It has caused grave bodily harm to myself. Mr. Carlone, I have to tell you, I'm still having difficulty understanding you. If you could speak really very slowly and distinctly. I apologize. So, can you hear me now? I can hear sound. I mean, it's sort of mumbled to some degree. Is there a way to activate your computer that gives you more volume or precision on the voice? Just maybe speak very slowly and plainly, if you would. Okay. So, the basis of the allegations in my complaint are that every single action that Governor Lamont has taken in connection with this COVID-19 pandemic has been not based on evidence but has been completely arbitrary and in most cases designed to do the opposite effect of what he stated previously. In support of my allegation, I alleged that, in particular, the mask mandate violated my First Amendment, Fourth Amendment, Fifth Amendment, and Fourteenth Amendment civil rights guaranteed by the U.S. Constitution. In further support of that, the complaint goes through a series of analyses of the statistics that were produced and published by the Connecticut Department of Health, demonstrating that the face mask mandate has not stopped a single case of COVID in Connecticut or anywhere in the world. In fact, I alleged in my brief, in my complaint, that the defendants cannot produce any evidence whatsoever that any of the actions that they have taken have done anything to prevent the spread of COVID-19. In other words, the defendant's actions are completely arbitrary and complete. Mr. Carlon, I'd like to interrupt you for a minute to ask a question. Can you understand me all right? I can. Please. So can you point to allegations in your complaint that demonstrate that the executive actions that you're challenging have caused you an injury that is concrete and particularized, different from any other resident in Connecticut and different from, I mean, you say that the civil courts are closed, but you haven't alleged anything that I could see in the complaint. And as the district court pointed out, that demonstrates that you in particular have been injured by the orders. Could you point to where in the complaint you rely on to establish your own standing? Well, Your Honor, to establish my own standing, I allege the issue that the, so the order is violated by constitutional right, I'd like to focus on the mask mandates, because the mask mandates are not a negative. They actually cause the wearer to consume their own carbon dioxide, which is a poison to a human being. The carbon dioxide is expelled through the natural course of respiration. And the masks, while not providing zero protection for the spread of COVID-19, they actually cause brain damage because they put you in a hypoxic state. I think, Mr. Carlone, I think the question that you were asked by the presiding judge is why you have standing to bring this lawsuit. You have to show a concrete and particularized injury to you. Well, not just not just bad policy or bad decisions by the government, but some kind of injury, direct injury to you that was caused by his actions and that we could we could redress. Well, Your Honor, in my objection, I pointed out that the injuries and constitutional injury that would be technically shared by everyone in the state because of the fact that the mandate affects everybody in the state, including me. However, the it's the time that while the case was being decided on appeal, I have been subject to an eviction action because I refused to comply with the mask mandate from my landlord. I raised that in my appellate briefing that also supports why that I believe the judge's decision to dismiss the case. But of course, Mr. Carlone, we look to your complaint, not your brief, for factual allegations supporting standing. Yeah, and I, Your Honor, I let go. There is fact in a ridiculous fact stating that I have grown out and kicked out of banks, out of supermarkets, out of basically civilized life for refusing to to comply. Those facts were specific allegations. We were not led in my original complaint. I moved to amend my complaint in support to Williams Beach City Court's decision from 2011. And the trial judge never allowed me to amend my complaint. He said prior to the filing of the motion to dismiss or the objection thereto that I wasn't allowed to amend my complaint. Now, as I indicated, that being a constitutional violation, I believe that making illegal breathing free air and mandating the consumption of a waste product would be sufficient to have standing as a constitutional right filing. However, after the dismissal, I moved to amend the complaint to allege more specific allegations that I had basically been banned from civilized life because of my refusal to poison myself with these liquids that provide no protection and have no proper success here. All right. Thank you very much. So you've reserved three minutes of rebuttal. We're going to move right along here this morning. We have a long calendar starting at 10. We'll hear your rebuttal after we hear from the State. Mr. Skold. Good morning, Your Honors. May it please the Court, Assistant Attorney General Michael Skold, on behalf of the defendant, Evelette. Your Honors, the Court should affirm the judgment because the District Court properly concluded the plaintiff lacks standing, that his claims are barred by Eleventh Amendment immunity, qualified immunity, and failure to state a claim. And these issues are all fully briefed in the papers, Your Honors, and I don't really have too much to add except for two brief points. The first is on the issue of standing, and I'd like to emphasize to the Court that, in line with the questioning, there is not a single allegation in the complaint to show how this individual plaintiff has been personally harmed by any of the afflictive orders that he's used. And I know he referenced today on some assertions he's made in his appellate brief, but as Judge Kearney was correct, this Court has repeatedly held that litigants cannot effectively amend their complaints through assertions raised in a brief on appeal. And that's especially appropriate in this case, given that the plaintiff is a licensed attorney who's trained in the law, he was aware of these pleading defects, and the District Court expressly gave him an opportunity to amend to cure them, and he chose not to. And having made that choice, he's not now able to cure his pleading defects through an appellate brief. So the Court should affirm standing on that basis. The second issue I'd like to just briefly address is a failure to state a claim, Your Honors. The plaintiff's entire theory of the case below and on appeal is not based on any constitutional provision or analytical framework under any constitutional provision. It's simply that, in his view, all of these executive orders are per se unconstitutional under every constitutional provision he cites in his complaint, simply because they're not supported by scientific evidence. And that, I think, is clearly not the law, Your Honors. If the plaintiff feels his burden to allege specific facts, he can provide an actual legal analysis under each of the constitutional provisions in order to state a claim. And he simply did not do that in his complaint or in his briefs on appeal. Mr. Scold, if we were to find that Mr. Carlone's pleadings, his complaint is inadequate to establish standing, do we have to then vacate the District Court's judgment to the extent it found he failed to state a claim? No, I don't believe so, Your Honor. Obviously, the Court has to address jurisdiction first, but I think that was a ruling in the alternative. So I don't think there's any need to vacate the decision below. But if the District Court didn't have jurisdiction, how could it rule on the merits of the 12B6 motion? Well, I mean, I agree with the Court that if there was a lack of jurisdiction, then that would not—the failure to state a claim issue would not control because the Court didn't have jurisdiction. But I don't think there's any need to vacate because the judgment was dismissed. That was the judgment. And I suppose, then, in that case, the failure to state a claim discussion would simply be not controlling. But I don't see a need to vacate. And, again, I think all these issues are fully briefed, and I don't have anything else to add. Unless the Court has any questions, I would— I think we have no questions. I would brief and ask the Court to affirm the judgment. Thank you, Your Honor. Thank you. We'll look carefully at your papers for the remainder of your argument. Mr. Carlone, you have three minutes of rebuttal. Thank you, Your Honor. Your Honor, I'd just like to address the fact that I filed my objection originally in October of 2020 because my reading of the applicable law was that the deprivation of constitutional rights, that that was the reason why I filed a—or, excuse me, that's why I eliminated a declaratory judgment. And the fact that I raised the issue that the defendant's actions through executive order do violate my constitutional rights, that that would be sufficient under the law to confer standing. Notwithstanding that, even if the Court were to agree with the district court that there is— that I didn't allege sufficient injury to confer standing, I moved to amend my complaint in March before I even filed an appeal. You moved to amend your complaint after the judgment had entered. Is that right, Mr. Carlone? That's correct. Did you move to reopen the judgment? Did you— I moved—I believe, without looking at the RRA right now, I believe that language is in there, but I don't know that that's what the title of the motion was. I believe that the motion is just moving to amend. Thank you. Yeah. But in any respect, that the motion post-judgment was consistent with this Court's decision in Williams v. Citigroup. And in that case, this Court allowed the plaintiff to amend its— said it was proper to amend the pleading even after just in a far more remote context than what happened in this case. I moved to amend within 30 days from following the entry of the Court's refusal. And in that specific state that I amended, I added specific allegations demonstrating that because of my refusal to comply with the mask mandate, because it's actually detrimental to my health, and because I have my family history of Alzheimer's disease, I'm at a heightened risk by wearing the mask, that the deprivation of oxygen will cause me substantial harm. I allege that I have been thrown out of banks. I have been kicked out of supermarkets. I have not been allowed to engage in civil society. And I believe that the Court's refusal to entertain my motion to amend in those specific allegations is entirely inconsistent with this Court's ruling in Williams. And to that extent, Your Honor, I would like to close by simply saying that the precedent that this would set, allowing the judge-shamed decision to stand, that the governor can unilaterally implement a health policy based on no facts, no science, and actually hurt people without ever having to prove that he actually has any basis in fact in science and empirical data, is incredibly chilling and dystopian and punitive. Thank you. Thank you. Thank you, Mr. Carlone. Your time has expired. We have a full calendar, so I'm going to keep things rolling here. Thank you both for your arguments, and we'll reserve decision, get you decision as soon as we can. Thank you very much.